IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TAMMIE HUMPHREY, on Behalf of
Herself and All Others Similarly Situated                                   PLAINTIFF

v.                              No. 4:12-cv-157-DPM

ELECTROLUX HOME PRODUCTS INC.                                DEFENDANT

ORDER

Electrolux Home Products makes Electrolux, Frigidaire, and Kenmore clothes dryers. Tammie Humphrey owns one. She alleges that her dryer is defective because too much lint accumulates in inaccessible parts of it, causing the dryer to stop working properly and creating a fire hazard. She sues, asserting a passel of claims. Humphrey seeks relief for herself and many others: She asks the Court to certify a nation-wide class and a state-wide subclass of folks who purchased the allegedly defective dryers. Electrolux moves to dismiss across the board.

The parties' briefs are too long. Rare is the motion that needs 131 pages of briefing. This one does not. The Court would appreciate brevity and concision in future papers. Larger type would be helpful too.

1.  Electrolux asks the Court to consider a Use & Care Guide. *Document No. 17-1.* The company says the warranty provisions Humphrey quotes in her complaint came from this Guide; and therefore the Guide can be considered now. *Document No. 17, at 15 n.1.* Humphrey disagrees, and asks the Court to exclude the Guide.

Whether the warranties at issue came from the Guide, or from this particular version of it, is disputed. And Humphrey does not cite the Guide in her complaint, raising the possibility that these warranty provisions may come from somewhere else too. In light of this dispute—which must be resolved in Humphrey's favor at this early stage—the Court cannot be sure that the Guide is "necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (quotation omitted). The Court will not consider it in deciding the motion. FED. R. CIV. P. 12(d).

2. The parties devote many pages to whether the alleged defect has manifested itself. *Compare In re Zurn Pex Plumbing Products Liab. Litig.*, 644 F.3d 604 (8th Cir. 2011), *with Wallis v. Ford Motor Co.*, 362 Ark. 317, 208 S.W.3d 153 (2005). Electrolux argues that Humphrey is a no-injury plaintiff. But Humphrey alleges that, because of the lint build-up, her dryer failed to

operate normally and had to be serviced beyond the norm. *Document No. 1,* ¶ 25. This is sufficient. While manifestation will likely be an important fighting issue at later stages in the case, it is a non-issue as to Humphrey individually.

**3.** Electrolux next seeks dismissal of Humphrey's claims for breach of implied warranties, breach of express warranty, violation of the Magnuson-Moss Warranty Act, and violation of the Arkansas Deceptive Trade Practices Act. Contrary to Electrolux's argument, Humphrey has alleged damage. And the Court concludes that her pleadings about pre-suit notice pass muster. *Document No. 1,* ¶ 83.

On the implied warranties, Electrolux is correct that Humphrey did not plead that her dryer will no longer dry clothes. But the complaint alleges that the excess-lint defect makes using the dryer a fire hazard, rendering it unfit. In other words, although the dryer will dry clothes, it poses (Humphrey says) too great a risk to make it fit to do so. Taken as true, these facts make out a plausible claim for breach of implied warranties. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Great Dane Trailer Sales, Inc. v. Malvern Pulpwood, Inc.*, 301 Ark. 436, 442–43, 785 S.W.2d 13, 17 (1990).

The Court has some hesitation about the viability of the express-warranty claim, particularly in light of the timing issues and factual disputes about what version of the warranty Humphrey received. But Humphrey's allegations must be taken as true at this point. At the least, she has plausibly pleaded that Electrolux guaranteed that the dryer would be "free of material defects or component malfunctions[,]" that this warranty was "part of the bargain[,]" and that her dryer has a material defect. *Document No. 1*, ¶¶ 74 & 77. While this claim may prove empty, it is sufficient at this point. Taken as true, these same facts state a plausible, though thin, claim under the Arkansas Deceptive Trade Practices Act. ARK. CODE ANN. §§ 4-88-107(a)(1) & 4-88-113(f).

In light of the Court's ruling on the implied- and express-warranty claims, Electrolux's argument about the Magnuson-Moss Warranty Act is moot. The motion to dismiss the warranty, ADTPA, and Magnuson-Moss claims is denied.

**4.** Next, fraudulent concealment. Humphrey's complaint "must plead the who, what, where, when, and how of the alleged fraud." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783 (8th Cir. 2009) (quotation omitted); FED. R.

CIV. P. 9(b). Where the allegedly false representation is the result of silence, the silence "must relate to a material matter known to the party and which it is his legal duty to communicate to the other contracting party[.]" *Farm Bureau Policy Holders and Members v. Farm Bureau Mut. Ins. Co. of Arkansas, Inc.*, 335 Ark. 285, 302, 984 S.W.2d 6, 14 (1998) (quotation omitted). This duty can arise because of "inequality of condition and knowledge[.]" 335 Ark. at 302, 984 S.W.2d at 14-15.

Humphrey's complaint alleges that Electrolux knew its dryers contained the alleged defect and that Electrolux stood silent when Humphrey bought her dryer, despite Electrolux's "superior position to know the truth[.]" *Document No. 1,* ¶ *128*. Humphrey further alleges that she would not have bought the product if she had known about the defect. These allegations satisfy the heightened pleading requirement of Rule 9(b).

5. The motion to dismiss Humphrey's strict-liability claim is denied. Humphrey says that Electrolux makes and sells dryers; that Electrolux supplied her dryer with a defective condition—the lint-build-up problem; that the defect created a fire hazard and rendered the dryer unreasonably dangerous; and that the lint defect caused her harm because her dryer did not

operate normally and had to be serviced. Taken as true, these allegations state a plausible claim. ARK. CODE ANN. § 4-86-102(a).

She has also well pleaded the familiar elements of negligence — duty, breach, proximate cause, and damage. *E.g., Branscumb v. Freeman*, 360 Ark. 171, 179, 200 S.W.3d 411, 416 (2004). Humphrey says Electrolux had a duty to use reasonable care in designing and manufacturing its dryers; that Electrolux violated that duty when it designed, manufactured, and distributed the defective dryers; and that the lint-build-up defect proximately caused her dryer to stop working normally. The motion to dismiss the negligence claim is denied.

**6.** Humphrey's unjust-enrichment claim fails as a matter of law. While the terms of Humphrey's particular warranties are unclear at this point, the parties agree that she received a warranty. Indeed, Humphrey seeks to recover on it. None of the exceptions apply; so the parties' contract covering the subject matter undermines any claim for unjust enrichment. *Hall Contracting Corp. v. Entergy Services, Inc.*, 309 F.3d 468, 475–76 (8th Cir. 2002); *Glenn Mechanical, Inc. v. South Arkansas Regional Health Center, Inc.*, 101 Ark. App. 440, 445, 278 S.W.3d 583, 587 (2008).

7. Last, Electrolux attacks some of the relief Humphrey requests. The Court sees no reason to rule out injunctive relief yet because the adequacy of any particular remedy is far from clear at this early point. The Court's conclusion that Humphrey has adequately alleged injury addresses Electrolux's no-standing argument. The motion to dismiss as to relief is therefore denied.

\* \* \*

Electrolux's motion highlights the weak points in Humphrey's case. Whether a class should be certified and whether Humphrey has trial-worthy claims are important and imminent questions. But for now — taking Humphrey's allegations as true and disregarding the collateral materials — the complaint is sufficiently plausible to survive. Motion to dismiss, *Document No. 16*, mostly denied, but granted on unjust enrichment.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 August 2012