IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TAMMIE HUMPHREY, on behalf of herself
and all others similarly situated                                   PLAINTIFF

VS.                                    NO. 4:12-CV-157-DPM

ELECTROLUX HOME PRODUCTS, INC.                          DEFENDANT

## STIPULATED PROTECTIVE ORDER

Upon joint motion and stipulation of the parties for a Protective Order, *Document No. 39*, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and the Court being fully advised and upon good cause shown, the Court orders the following:

1.      This Protective Order shall apply to documents and things that any Party deems, in good faith, to constitute or contain Confidential Information, as defined below. The parties and any non-party shall limit to whatever extent possible designating information as Confidential Information.

2.      Definitions. For the purposes of this Protective Order, the following terms are defined as follows:

a.      **Confidential Information** shall be defined as documents, testimony, or other information that

i.      is obtained from another entity and is required to be kept confidential pursuant to an agreement entered in the regular course of

business or pursuant to an existing confidentiality order, provided, however, that the information designated as confidential is not part of the public domain and not obtained through sources bound under an existing confidentiality order. A non-party to an agreement or protective order upon which a designation of Confidential Information is made may challenge the designation by the means permitted in this order; or

ii.    contains or discloses trade secrets, confidential technical information, practices, methods or other know-how, including but not limited to confidential research, development, or commercial information that is not available to the public through prior publication or other lawful means, such as proprietary licensing, distribution, marketing, product analysis, design, development, research, and manufacturing information regarding products or technology, pricing data, financial data, sales information, customer-confidential information, strategic business plans, marketing strategies or projections, or information about employees.

b.    **Documents** shall be defined to include, but shall not be limited to, those categories of information that constitute "documents" under Rule 34(a) of the Federal Rules of Civil Procedure.

c.      **Party** shall be defined to include Plaintiff, Defendant, and any third party that may be called upon to provide documents, testimony, or other information pursuant to subpoena or other lawful process.

d.      **Originating Party** shall be defined as the Party from which a Producing Party obtained a document produced in this matter.

e.      **Producing Party** shall be defined as the Party producing materials designated as Confidential Information.

f.      **Receiving Party** shall be defined as the Party receiving materials designated as Confidential Information.

g.      **Challenging Party** shall mean a party which seeks to challenge a Designating Party's designation of a document as containing Confidential Information.

h.      **Protective Order** shall mean this Stipulated Protective Order entered by the Court and agreed-upon by the parties.

i.      **Action** shall mean this case, *Humphrey v. Electrolux Home Products, Inc.*, No. 4:12-cv-157-DPM (E.D. Ark.).

3.      <u>Good Faith Basis for Designation</u>. A Producing Party must have a good-faith belief that the documents or information constitute a trade secret or other confidential information within the meaning of Rule 26(c) of the Federal

Rules of Civil Procedure. Confidential Information must be described in sufficient detail to justify its protection under this Protective Order.

4.  <u>How the Designation is Made</u>. All documents deemed by a Party to constitute or contain **Confidential Information** of that Party will be so identified and marked **Confidential — Subject to Protective Order** by the **Producing Party**.

(a)  Such identification or marking shall be made by a Producing Party when the Confidential Information is served upon or provided to the other Party (the "Receiving Party").

(b)  The originals of documents produced for inspection need not be marked as Confidential Information prior to the inspection, and making documents available for inspection shall not constitute a waiver of any claim of confidentiality. All materials made available for inspection shall be treated as if designated as **Confidential — Subject to Protective Order** pursuant to this Protective Order at the time of inspection. However, all copies of documents inspected by the Receiving Party must be marked **Confidential — Subject to Protective Order** by the Producing Party when they are supplied to the Receiving Party to make copies of them subject to this Protective Order.

4

(c)    If the Producing Party inadvertently omits the marking **Confidential — Subject to Protective Order** from a copy of a produced document, the Producing Party may notify the Receiving Party in writing to mark the document as **Confidential — Subject to Protective Order**. In addition, if the Producing Party obtained the document or information from another Originating Party, the Originating Party, within 30 days after learning that the Producing Party has produced its Confidential Information without an appropriate designation, may notify the **Receiving Party** in writing to mark such document as **Confidential (by [Originating Party]) — Subject to Protective Order**. Upon receiving either of the notifications provided for in this Paragraph, the Receiving Party and its counsel shall take all reasonable steps to retrieve all copies of the documents not marked with the appropriate confidential legend and to mark said documents in accordance with the instructions of the Producing Party or Originating Party. Should the notification from either the Producing Party or Originating Party refer to more than 200 documents, the Producing Party or the Originating Party shall provide copies of properly-marked documents to the Receiving Party, and the Receiving Party shall destroy all of its copies of the unmarked documents and confirm the destruction in writing within 14 days. From the point at which the Receiving Party and its counsel have notice that the

5

appropriate confidential legend was omitted from a copy of a produced document, the Receiving Party and its counsel shall treat the produced document as Confidential Information pursuant to the terms of this Protective Order.

(d)    Tangible objects constituting or containing Confidential Information may be designated Confidential Information by affixing to the object or its container a label or tag marked **Confidential — Subject to Protective Order**.

5.    <u>Designation During Deposition</u>. In the event that any question is asked at a deposition which a Party or non-Party asserts calls for the disclosure of Confidential Information, the question shall be answered by the witness fully and completely, to the extent required by law. Counsel for the Party making the confidential designation shall, either at the deposition or within twenty (20) days after receipt of the transcript, notify all counsel on the record or in writing that the information provided in the answer contains Confidential Information subject to this Protective Order.  Counsel for the Party making the confidential designation shall specify the testimony being designated confidential by page and line number, at which point, said testimony shall be subject to this Protective Order, and the entire transcript of the deposition shall be treated as confidential and subject to this Protective Order for twenty (20) days.    After page and line designations of

Confidential Information have been made, the Receiving Party may redact the portions of the deposition and use a redacted version of the deposition as if it were not designated Confidential Information.

6.    Prior Litigation, Documents from Agents and Employees. A Party may designate as confidential testimony of, or documents produced by, that Party's agents, employees, sales representatives, or technical or business consultants, provided that good cause for the designation exists and that the testimony or documents contain Confidential Information as described herein.    Additionally, any documents or information produced in prior litigation by any Party and designated in that litigation, in some manner, as confidential information pursuant to a protective order operative in that case, shall, unless and until the Producing Party provides different instructions, be treated as Confidential Information under this Protective Order, notwithstanding any failure to separately designate the documents in this litigation as Confidential Information. Nothing herein shall impose any restriction on the use or disclosure by a Party of its own information or information that lawfully came into the possession of the Party independent of any disclosure of information in this litigation, unless the latter information is subject to any protective order.

7.    Application to Notes and Summaries. Any summary, notes, or copy containing designated Confidential Information shall be subject to the terms of this

Protective Order to the same extent as the information or document from which the
summary or copy was made.

    8.    <u>Access to Confidential Information</u>. Unless and until this Court rules
otherwise, access to documents and materials identified as **Confidential -- Subject
to Protective Order** shall be limited solely to

        (a.)    the parties;

        (b.)    attorneys and secretarial, paralegal, and staff personnel of
outside attorneys of record in this action, namely the firms of
Wheeler Trigg O'Donnell, LLP, Wright, Lindsey and
Jennings LLP, Wexler Wallace LLP, Hansen Reynolds
Dickinson Crueger LLC, Greg Coleman Law PC, and
Carney Williams Bates Pulliam & Bowman, PLLC, along
with any successors, substitutes or additional co-counsel of
record thereto;

        (c.)    independent expert(s) or consultant(s) (not a regular employee
or agent of the party employing the expert or consultant) to the
extent necessary to prepare for this litigation, provided that
before any such disclosure is made, said independent expert(s)
or consultant(s) executes an Acknowledgment of this Protective

Order in the form attached hereto, a copy of which, for an
identified testifying expert only, shall then be held by counsel;

(d.)   the Parties' insurance carriers, as well as claims representatives
affiliated with such insurance carriers, to the extent involved in
the pending litigation.

9.     <u>Witnesses' Access to Confidential Information</u>. Notwithstanding the
provisions of Paragraph 8, any person (including employees of a corporate party)
expected to testify at a scheduled deposition or designated as a trial or hearing
witness may be shown Confidential Information designated **Confidential —
Subject to Protective Order** to the extent that the Confidential Information can be
foreseen to relate to his/her proposed testimony.   The person to whom the
disclosure is to be made must execute an Acknowledgment of this Protective Order
in the form attached hereto, either before or immediately after the deposition or
testimony (a copy of which shall then be held by counsel and transmitted to
counsel for each of the other parties).

10.    <u>Filing   Redacted   Information   and   Confidential   Information</u>.
Confidential Information identified and marked in accordance with this Protective
Order may be filed with the Court or included in whole or in part in pleadings,
motions, or briefs with the Confidential Information redacted without the need to
move to seal such document. If a Party seeks to file any Confidential Information,

9

the filing must be under seal in accordance with Section IV.B of the CM/ECF Administrative Policies and Procedures Manual for Civil Filings in the United States District Court for the Eastern District of Arkansas.

The clerk shall maintain the documents as restricted documents for a period of 63 days following the final disposition of this case including appeals. Except where the Court, in response to a request of a Party or on its own motion, orders otherwise, or pending an appeal, at the end of the 63-day period, the clerk shall return the restricted documents in the sealed enclosure to the attorney or Party who or which filed it, or destroy them. Filing of all documents shall be done in accordance with the above procedures and in compliance with the United States District Court for the Eastern District of Arkansas's CM/ECF Administrative Policies and Procedures Manual for Civil Filings, § IV.B.

11. <u>Confidential Information in Depositions</u>. When any testimony in this action is taken during pre-trial litigation in a deposition, or when any item of information, document, or thing marked or identified as Confidential Information in accordance with this Protective Order is presented, disclosed, or marked for identification, counsel for any Party may, before or during the testimony, give notice to counsel for all other parties that Confidential Information may be disclosed during said testimony and such counsel may request that the testimony go forward with only the stenographer recording the testimony and those

categories of persons permitted by Paragraph 8 in attendance. Any Confidential Information used pursuant to this Paragraph shall not lose the protections of this Protective Order as a result of such use. The stenotype tape or other means of recording the proceeding with respect to which the notice provided for in the Paragraph is given or in which any Confidential Information marked or identified in accordance with this Protective Order is disclosed, presented, or marked for identification shall itself be deemed to be Confidential Information subject to this Protective Order. The transcript or copies thereof of any such testimony shall be provided only to those categories of persons permitted by Paragraph 8 hereof, the stenographer (if necessary), the Court, and necessary personnel; however, if all Confidential Information is redacted in a transcript, that transcript is not subject to this restriction.

12. <u>Disposal of Confidential Information After Litigation</u>. Any transcripts, exhibits, or other documents, information, or things identified in accordance with this Protective Order may be copied by the Receiving Party's counsel, but are to be returned (the original and all copies) to counsel for the Producing Party within thirty (30) days after the termination of this litigation (which shall include any appeal) or destroyed; and any extracts, descriptions, or summaries thereof shall be destroyed after termination of the litigation, save for those extracts, descriptions, or summaries which are included in counsel's work

product. A certification of destruction of Confidential documents shall be provided to the Producing Party within thirty (30) days after termination of litigation if the documents are not returned.

13.     Use of Confidential Information. Confidential Information identified in accordance with this Protective Order may only be used (a) in connection with motions filed in this action; (b) during testimony in this action, both during trial and during discovery; (c) as evidence at the trial of this action subject to the rules of evidence, this Protective Order, and any further order of this Court; (d) to prepare for discovery or trial of this action; and (e) in connection with any appeal of this action to a court of competent jurisdiction. Confidential Information may not be used for any other purpose.

14. Use of Confidential Information at Trial or Hearings. Disputes arising as to the use of Confidential Material or information at trial or hearings will be resolved by the Court prior to the disclosure of such materials. The treatment at trial of material previously designated Confidential will be addressed at the pre-trial hearing.

15.     Withdrawal of Confidentiality Designation. In the event that the Producing Party determines that any Confidential Information should no longer be subject to this Protective Order, it shall notify each Party that its designation thereof as confidential is withdrawn and shall provide each Party with a copy of

the document with the confidential designation removed, and the specific bates label number of the document with the inoperative confidentiality designation. From and after the receipt by a Party of such a copy, such information and all actions taken with respect to such information shall no longer be subject to this Protective Order.

16.    <u>Restrictions Not Applicable to Producing Party or Parties' Attorneys</u>. With respect to any particular item of Confidential Information, the restriction on dissemination, access, disclosure, and use of such item(s), or of information contained therein, shall not apply to the Producing Party or such Party's attorneys.

17.    <u>No Concessions Upon Acceptance</u>. Acceptance by a Receiving Party of information, documents, or things marked as Confidential Information shall not (a) constitute a concession that such information, documents, or things in fact are, or include, Confidential Information; or (b) constitute an agreement or admission by either party with respect to the competency, relevancy, or materiality of any such information, document, or thing.

18.    <u>No Waiver of Objections</u>. This Protective Order does not address, limit, or determine the relevance, discoverability, or admission into evidence of any document. The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents.

19. <u>Parties May Agree to Disclose</u>. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the parties mutually agree in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

20. <u>Challenges to Designation</u>. A Party shall not be obligated to challenge the propriety of a confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such confidential designation. In the event any Party to this litigation disagrees with a confidential designation, the parties shall first try to resolve the dispute in good faith on an informal basis. The Challenging Party shall provide written notice to the Designating Party, identifying the Confidential Discovery Material, by bates number, whose designation it challenges and setting forth the basis, with basic legal authority, for the challenge for each document or portion of document. Within a reasonable time after its receipt of written notice of the challenge to its designation, or such other time period as may be agreed to by the Parties, the Parties shall meet and confer and make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation. If the dispute cannot be resolved, the parties will file a joint five-page report explaining the disagreement in accordance with the Court's scheduling order, and the Court will rule or schedule a hearing. The Party

asserting the information, document, or thing that is or contains Confidential Information shall have the burden of provind the propriety of its designation.

21. <u>Inadvertent Production Not Operative as Waiver.</u> Inadvertent production of any document subject to the attorney-client privilege, the attorney work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of the privilege or immunity, provided that the Producing Party promptly notifies the Receiving Party in writing of such inadvertent production after the Producing Party discovers such inadvertent production. If prompt notification is made and the Producing Party establishes the circumstances surrounding the document's inadvertent production and the grounds for an applicable privilege or immunity, such inadvertently produced document and all copies thereof shall be returned to the Producing Party or destroyed, upon request, within seven (7) days of the Receiving Party's receipt of the written request to return or destroy. The Receiving Party shall not make any use of such document during deposition, hearing or trial, nor shall the Receiving Party show the document to anyone who was not already given access to it prior to the Producing Party's request to return or destroy. If, after conferring, the parties cannot agree as to whether a document should be protected from disclosure by a privilege or immunity, the Producing Party shall have ten (10) business days to file a motion with the Court seeking the return or destruction of the produced document. While

such a motion is pending, the Receiving Party shall not make any use of such document during deposition, hearing or trial, and such document shall not be shown by the Receiving Party to anyone who was not already given access to such document prior to the Producing Party's request to return or destroy.

22.   Further Relief. Nothing in this Protective Order shall prevent any Party including members of the public from contesting this Protective Order or applying to the Court for further or additional protection for any document or information the characteristics of which are such that the protections afforded by this Protective Order may be insufficient or inadequate to ensure the confidentiality of such document or information or to prevent injury to the Producing Party.

23.   Consistent with Federal and Local Rules. The parties intend that this Protective Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Court's scheduling order, and any applicable Local Rules. For purposes of computing any period of time under this Protective Order, the provisions of Federal Rule Civil Procedure 6 and the Local Rules of the Court shall apply.

23.   Duration of the Protective Order. This Protective Order shall survive the termination of the above-captioned action and shall continue in full force and effect for one year after this litigation, including appeals, has ended, subject to further order of this Court.

24.   <u>Modifications to Order</u>. Nothing in this Protective Order shall interfere with the parties' right to move this Court to modify, supplement, or dissolve this Protective Order.


IT IS SO ORDERED:


Dated:  _4 March_ , 2013        *DPMarshall Jr.*
                                _____
                                Judge D.P. Marshall, Jr.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

NO. 4:12-CV-157-DPM

TAMMIE HUMPHREY, on behalf of herself
and all others similarly situated                         PLAINTIFF

VS.

ELECTROLUX HOME PRODUCTS, INC.                  DEFENDANT

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

The undersigned has read and understands the Protective Order issued in the above-captioned proceedings, a copy of which is attached hereto, and the undersigned hereby acknowledges and agrees to abide by the restrictions and requirements of said Protective Order, and submits the jurisdiction of said Court solely for the purpose of enforcement.

**Name:**_____

**Signature:**_____

**Date:**_____